142 July 1, 2026 No. 606

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BENJAMIN ISAAC LOWE,
aka Benjamin Lowe,
*Defendant-Appellant.*

Umatilla County Circuit Court
23CR31268; A185709

Jon S. Lieuallen, Judge.

Submitted May 8, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kasey Anne Hooker, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Remanded for entry of judgment omitting per diem fees; otherwise affirmed.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Defendant appeals a judgment of conviction for fleeing or attempting to elude an officer, which requires that he pay any required per diem fees. The per-diem-fees requirement was not announced in open court at sentencing. Defendant assigns error to its inclusion in the judgment. *See State v. Barr*, 331 Or App 242, 545 P3d 772 (2024). The state concedes the error. The state further concedes that, because the sentencing court expressed an intention not to impose any fines, the appropriate disposition is to remand for the court to enter a judgment without the per-diem-fees provision. We agree with and accept the state's concessions. *State v. Debruyne*, 347 Or App 421, 423, 587 P3d 433 (2026) (reasoning that when a court waives fees or fines but then includes a term requiring payment of per diem fees it is likely "simply a mistake").

Remanded for entry of judgment omitting per diem fees; otherwise affirmed.